FILED
JUL 19 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 11-05-H-DWM<br>CV 12-66-H-DWM |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING § 2255 MOTION<br>AND DENYING CERTIFICATE |
| PATRICK LOUIS ASTORE, | OF APPEALABILITY |
| Defendant/Movant. | |

On July 10, 2012, Defendant/Movant Patrick Astore, a federal prisoner proceeding pro se, moved to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Astore alleges that his trial counsel, Federal Defenders' Senior Litigator Michael Donahoe, was constitutionally ineffective because he twice waived Astore's constitutional right to a speedy trial without consulting Astore and without advising

ORDER / PAGE 1

him of his right to appeal the issue. Astore also alleges that he wrote a letter to me before sentencing, raising this issue, and that Donahoe told him I had read it. No letter appears in the record. Mot. § 2255 (doc. 32) at 4 ¶¶ 12A-B.

Claims of ineffective assistance of both trial and appellate counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Astore must allege facts that could support two inferences: first, that counsel's performance fell below an objective standard of reasonableness, *Strickland*, 466 U.S. at 687-88, and second, that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. A strong measure of deference is due to counsel's strategic decisions if they are based on reasonable investigation and knowledge of the law. *Id.* at 690-91.

Astore's constitutional right to a speedy trial was fully honored in this case. He was indicted on May 23, 2011. He pled guilty on September 30, 2011, 130 days later. Because "the ordinary procedures for criminal prosecution are designed to move at a deliberate pace," *United States v. Ewell*, 383 U.S. 116, 120 (1966), *quoted in Barker v. Wingo*, 407 U.S. 514, 521 n.15 (1972), constitutional concern is typically triggered only as the delay "approaches one year," *Doggett v. United States*, 505 U.S.

647, 652 n.1 (1992). The "delay" in Astore's case did not remotely approach that rule-of-thumb threshold.

Further, there was a good reason for each of the two continuances of trial in the case. Trial was originally set for August 1, 2011, 68 days after Astore's arraignment. *See* 18 U.S.C. § 3161(c)(1); Minutes (doc. 3). On July 5, 2011, the United States moved to continue that date because an important witness, the forensic examiner who inspected Astore's computer, was scheduled to participate in a training session in Washington, D.C., from July 24 through August 8, 2011. First Mot. to Continue (doc. 9) at 2; 18 U.S.C. § 3161(h)(3)(A), (B). The motion was granted and trial was reset from August 1 to September 12, 2011. Order (doc. 10) at 2 (citing *Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2713 (2011).

On August 17, 2011, the United States filed a second motion to continue. This time, not only was the forensic examiner on personal leave, but the probation officer who participated in the search when Astore's computer was found was not available on September 12, 2011. Second Mot. to Continue (doc. 12) at 3. Trial was reset from September 12 to October 3, 2011. On September 21, 2011, Astore filed a motion to change his plea to guilty, and he entered his guilty plea on September 30, 2011.

Astore complains of Donahoe's decision not to oppose these motions. But, first, the motions likely would have been granted even if Donahoe had opposed them.

ORDER / PAGE 3

18 U.S.C. § 3161(h)(3)(A), (B); *United States v. Tinklenberg*, __ U.S. __, 131 S. Ct. 2007, 2010-11 (2011) (time tolls under exclusion provision of § 3161(h) regardless of whether reason given "actually causes, or is expected to cause, delay in starting a trial"); *see also id.* at 2016 (citing *United States v. Miles*, 290 F.3d 1341, 1350-51 (11th Cir. 2002)).

Second, even if one or another motion had been denied, the outcome likely would not have been dismissal with prejudice of the case against Astore. Instead, the United States would likely have ensured the witnesses' presence anyway. Rather than a scot-free defendant, there would have been a trial featuring two government witnesses with moderate levels of personal frustration.

The continuances in Astore's case complied with the Speedy Trial Act. It imposes far more stringent requirements than the constitutional guarantee of the Sixth Amendment. *United States v. King*, 483 F.3d 969, 975-76 (9th Cir. 2007); *United States v. Baker*, 63 F.3d 1478, 1496-97 (9th Cir. 1995) (citing *United States v. Brainer*, 691 F.2d 691, 698 (4th Cir. 1982)). Neither the record of the case nor Astore's motion suggests any reason to believe this was the "unusual case in which the time limits of the Speedy Trial Act have been met but the sixth amendment right to speedy trial has been violated." *United States v. Nance*, 666 F.2d 353, 360 (9th Cir. 1982), *quoted in King*, 483 F.3d at 976.

The facts Astore alleges, viewed in light of the record of the case, do not support an inference either that Donahoe performed deficiently in agreeing to the continuances or that Astore was prejudiced as a result. Astore was indicted on May 23, 2011, and pled guilty on September 30, 2011. Because there is no substance to Astore's attempt to show a violation of his constitutional right to a speedy trial, a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Astore's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 32) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Astore files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 12-66-H-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Astore.

DATED this 12th day of July, 2012.

Donald W. Molloy
United States District Court

ORDER / PAGE 5